**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAGNUM FEEDYARD CO., LLC,
a Colorado limited liability
company,

     Plaintiff - Appellant,

v.

AGRI SALES USA, INC., a New
York corporation, d/b/a Aden Brook,

     Defendant - Appellee.

No. 23-1220
(D.C. No. 1:21-CV-3116-RMR-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

This appeal grew out of an alleged oral contract for the sale of alfalfa hay. After allegedly entering into the contract, the parties disagreed over the quantity that the seller was to deliver. The buyer (Magnum Feedyard Co., LLC) sued for breach of contract and promissory estoppel, claiming

---

[*] The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the briefing and the record. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

that it had to pay more to other suppliers because the seller (Agri Sales USA, Inc.) hadn't provided as much alfalfa hay as agreed. The district court granted summary judgment to the seller, and the buyer appeals. We affirm.

## 1.    Standard for summary judgment

We conduct de novo review, determining whether the seller showed the absence of a genuine dispute of material fact and a right to judgment as a matter of law. Fed. R. Civ. P. 56(a). For this determination, we draw all reasonable inferences and resolve all factual disputes favorably to the buyer. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

## 2.    Breach of contract: No enforceable term existed for the sale of 5000 tons.

The buyer claims that

- it was supposed to get 5000 tons and

- the seller supplied fewer than 2000 tons.

The seller denies that it promised to supply 5000 tons. The contract claim thus turned on whether the parties had agreed to the sale of 5000 tons.

Because the alleged contract was oral, the threshold issue is enforceability. Under Colorado law,[1] a contract must ordinarily be in

---

[1]    The parties agree that Colorado law applies.

writing when it involves the sale of goods for at least $500. Colo. Rev. Stat. § 4-2-201(1). But an exception exists for oral contracts between merchants. Colo. Rev. Stat. § 4-2-201(2).[2] Under this exception, merchants can make oral terms enforceable by confirming them in writing after the fact. *Id.*

The seller urged summary judgment, arguing that the exception didn't apply because the parties hadn't confirmed the contract terms. The buyer points to invoices and bills of lading, arguing that these documents confirm the existence of a contract. Perhaps. But these documents don't confirm the quantity term — the matter in dispute.

The oral contract would become enforceable only for the quantity shown in the confirmation. *See* Colo. Rev. Stat. § 4-2-201(1) (stating that a later confirmation "is not enforceable under this [exception] beyond the quantity of goods shown in such writing"). And the invoices and bills of lading say nothing about a promise to sell 5000 tons. So the district court properly granted summary judgment to the seller on the contract claim.

### 3.    Promissory estoppel: The buyer didn't suffer prejudice from a lack of notice.

The district court also granted summary judgment to the seller on the claim of promissory estoppel, concluding that the buyer had failed to show

---

[2]    The buyer asserts that both parties are merchants, and the seller doesn't dispute this assertion.

detrimental reliance. On appeal, the buyer argues that the seller didn't even request summary judgment on the element of detrimental reliance.

A district court can't ordinarily grant summary judgment sua sponte without providing notice and an opportunity to respond. *See* Fed. R. Civ. P. 56(f)(2). But the court didn't inject the issue of detrimental reliance.

In moving for summary judgment, the seller argued that its alleged breach of an oral contract couldn't trigger liability for promissory estoppel. Part of this argument involved the buyer's admission that it hadn't changed its position in reliance on the oral contract:

- "Here, [the buyer's] president admits that [the buyer] did not change its position at all in reliance upon the Alleged Contract with [the seller]." Appellant's App'x vol. I, at 43.

- "Moreover, since [the buyer's] principal freely admits [the buyer] did not change its position based on the contract, promissory estoppel would not be availing even if it could be applied under these facts. Accordingly, [the seller] is entitled to judgment as a matter of law in its favor on [the buyer's] promissory estoppel claim." *Id.* at 44 (citation omitted).

Granted, the seller's discussion of detrimental reliance is brief. But no more was needed to make the point. In this discussion, the seller relied on deposition testimony from the buyer's president, acknowledging that his company had not done "anything differently based on the fact that it had entered" into the alleged contract. *Id.* at 145. In opposing summary judgment, the buyer did not respond to the seller's use of this deposition testimony. *See Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1194–95 (10th Cir.

2021) (stating that the nonmovant must set forth facts to defeat summary judgment if the movant relies on a lack of evidence on an essential element of the claim).

The buyer points out that it cited an affidavit, where the president had said that he needed to pay higher prices for alfalfa hay when the seller failed to deliver 5000 tons. But this citation to the president's affidavit does not support an argument about detrimental reliance. To the contrary, this citation appears only in the fact section, asserting only that the buyer was not relying solely on a contractual breach. With the citation, the buyer said that its "action [was] also based on [the buyer's] detrimental reliance" on the seller's promise to deliver 5000 tons. Appellant's App'x vol. II, at 245–46. But this reference appears only as a disputed fact about the existence of a claim for detrimental reliance. The buyer never

- cited the affidavit when addressing the issue of promissory estoppel or

- addressed the deposition testimony underlying the seller's argument on promissory estoppel.

On appeal, the buyer persuasively argues that the affidavit supports a theory of detrimental reliance from greater expenses to cover the shortfall. And on appeal, the seller makes a persuasive argument that the district court might have considered the affidavit a "sham" based on a conflict with the president's deposition testimony.

5

The problem with these arguments is that the district court never had a fair opportunity to consider them. At summary judgment, the seller invoked deposition testimony conceding that the buyer hadn't done anything differently in reliance on the contract; the buyer said nothing in response. Though the buyer cited the affidavit in the fact section of a brief opposing summary judgment, that citation served only to support the buyer's characterization of the claims. Nowhere did the buyer make an argument or cite evidence for a genuine factual dispute on the element of detrimental reliance. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 (10th Cir. 2008) (declining to consider factual material that appeared only in the fact section, rather than the argument section, of a summary-judgment brief). The district court thus didn't err in awarding summary judgment to the seller on the claim of promissory estoppel.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

6